UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-02195-CAS(RZx) | Date | March 28, 2014 |
| Title | TED NEWMAN V. ART COLE AUTOMOTIVE PARTS ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:**     **(In Chambers:)** EX PARTE APPLICATION TO REMAND (Dkt. 5, filed March 26, 2014)

     On April 30, 2013, plaintiff Ted E. Newman filed this case through his guardian ad litem in Los Angeles County Superior Court against defendants Art Cole Automotive Parts, Borg-Warner Morse Tec, Inc., Discount Auto Supply, Federal Mogul Asbestos, Ford Motor Company ("Ford"), Georgia-Pacific, LLC, Hennessy Industries, Inc., Honeywell International, Inc., Kaiser Gypsum Company, Inc., Luk Aftermarket Service LLC, The Mead Corporation, National Automotive Parts Association, Parker-Hannifin Corporation, The Pep Boys Manny Moe & Jack of California, Pneumo Abex LLC, Soco West, Inc., Union Carbide Corporation, Western Auto Supply Company, and Does 1-800. Plaintiff asserts claims for (1) negligence, (2) strict liability, (3) false representation, (4) "intentional tort," (5) vicarious liability, (6) "negligence–brake grinding machine," and (7) "strict products liability–brake grinding machine." In brief, plaintiff seeks to recover for his terminal mesothelioma allegedly caused by defendants' use of asbestos.

     On March 21, 2014, defendant Ford removed the case to this Court, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Ford states that when this case was filed, there was no diversity because the plaintiff is a citizen of California, and defendants Art Cole Automotive Parts, Discount Auto Supply, and The Pep Boys Manny Moe & Jack (collectively, "California defendants") were also citizens of California. On February 19, 2014, however, plaintiff filed an Amended Case Report that did not include the California defendants as "Remaining Defendants." Notice of Removal Ex. B at 10-11. Ford represents that this Amended Case Report was the first information that Ford possessed indicating that the California defendants had been dismissed from the action, thereby creating complete diversity between plaintiff and the remaining defendants. Accordingly, Ford reasons, removal was proper pursuant to 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:14-cv-02195-CAS(RZx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | TED NEWMAN V. ART COLE AUTOMOTIVE PARTS ET AL. | | |

U.S.C. § 1441, and timely under 28 U.S.C. § 1446(b)(3), which allows for removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

On March 26, 2014, plaintiff filed an ex parte application to remand this case to Los Angeles County Superior Court. Defendants opposed the ex parte application on March 28, 2014. Plaintiff argues that defendants received notice that the California defendants were no longer in the case no later than February 10, 2014, when plaintiff filed their notice of dismissal of defendant The Pep Boys Manny Moe and Jack.[1] Amell Decl. Ex. F. Accordingly, plaintiff reasons, 28 U.S.C. § 1446(b)(3) gave defendants until March 12, 2014 to remove this case, making the notice of removal untimely.

Plaintiff further argues that defendants waived their right to remove this case. Before this case was removed, defendants National Automotive Parts Association, Pneumo Abex LLC, and Honeywell International all filed summary judgment motions in Superior Court. On March 21, 2014, the Superior Court denied all three motions. Later that day, Ford filed the notice of removal. Plaintiff contends that, by waiting for the Superior Court to adjudicate their motions for summary judgment, defendants demonstrated an intent to adjudicate this matter in state court, and thus waived their right to remove.

Lastly, plaintiff states that he is currently suffering from fatal meothilioma. Because plaintiff may die within the next several months, he was granted a preferential trial date pursuant to Cal. Code Civ. Proc. § 36. Amell Decl. Ex. A. Trial in Superior Court is currently set for April 1, 2014. Id. Plaintiff contends that this removal aims to disrupt that trial date, and perhaps delay the trial until after plaintiff has died.

After reviewing the parties' arguments, the Court finds that this matter should be remanded to Los Angeles County Superior Court. Even if the Court were to accept Ford's argument that defendants were not notified of the existence of complete diversity

---

[1] Plaintiff states that they had previously filed a case report on December 19, 2013 indicating that the other two California defendants were no longer included as remaining defendants. Amell Decl. Ex. C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:14-cv-02195-CAS(RZx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | TED NEWMAN V. ART COLE AUTOMOTIVE PARTS ET AL. | | |

until February 19, 2014, defendants nonetheless did not remove immediately upon discovering that diversity.  Instead, they waited 30 days—until after they received an unfavorable result on the three motions for summary judgment—to remove this case.  "A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."  Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994).  By waiting for the Superior Court to rule on their motions for summary judgment, the defendants "manifest[ed their] intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."  Id.  This is all the more true here where it appears that defendants gambled on obtaining a favorable result in Superior Court, and only removed once their gamble failed.  See Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1118 (N.D. Cal. 2006) ("[C]ourts have frequently considered it important to discourage gamesmanship in the choice of judicial forum.").  Moreover, although not all defendants had pending motions for summary judgment, all of the defendants nonetheless waited until after the ruling on those motions to remove, and "the 'unanimity rule' set forth in Chicago Rock Island & Pacific Railway Co. v. Martin . . . holds that all defendants must consent to or join in a removal."  Atl. Nat. Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 933 (9th Cir. 2010).

      Plaintiff requests an award of fees pursuant to 28 U.S.C. § 1447, which authorizes courts to "award attorney's fees . . . where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, in light of the timing of defendants' removal, the Court finds that defendants lacked an "objectively reasonable basis" for seeking removal, and thus concludes that an award of fees is appropriate.  Attorney's fees are calculated using the lodestar method: "the number of hours worked multiplied by the prevailing hourly rates."  Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010).  Plaintiff's counsel states that he spent eight hours preparing his ex parte application to remand, at an hourly rate of $400 per hour, for a total of $3,200 in fees.  Amell Decl. ¶ 14.  The Court finds that both the hourly rate and the hours expended are reasonable, and thus approves the requested fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | 2:14-cv-02195-CAS(RZx) | Date | March 28, 2014 |
|---|---|---|---|
| Title | TED NEWMAN V. ART COLE AUTOMOTIVE PARTS ET AL. | | |

    In accordance with the foregoing, the Court hereby REMANDS this action to Los Angeles County Superior Court. Plaintiff is hereby awarded $3,200 in attorney's fees pursuant to 28 U.S.C. § 1447.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |